```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION


LARRY VALIANT,                      )
                                    )
              Plaintiff,            )
                                    )
         v.                         )    No.  4:09CV751 RWS
                                    )                  (FRB)
MICHAEL J. ASTRUE, Commissioner     )
of Social Security,                 )
                                    )
              Defendant.            )
```

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This cause is on appeal for review of an adverse decision by the Social Security Administration. All pretrial matters were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) for appropriate disposition.

Presently pending before the Court is defendant Commissioner's Motion to Reverse and Remand (Doc. #16), wherein defendant avers that the Appeals Council of the Social Security Administration reconsidered the Commissioner's final decision in this cause and determined that remand was appropriate for further consideration of plaintiff's claim. Specifically, defendant avers that the Appeals Council determined that the matter should be remanded to an Administrative Law Judge (ALJ) for the purpose of obtaining vocational expert testimony regarding plaintiff's ability to perform other work in the national economy, based upon a hypothetical including plaintiff's credible limitations as found in

the residual functional capacity assessment.

In response to defendant's motion, plaintiff agrees that remand is appropriate, but argues that the Commissioner committed additional error in his determination of plaintiff's claim, and specifically, that the Commissioner erred in failing to find plaintiff's impairments to meet Listing 12.05(C) of the Listings of Impairments. Plaintiff thus requests that, in addition to obtaining relevant vocational expert testimony, the Commissioner properly assess upon remand whether plaintiff's impairments meet or equal Listing 12.05(C). Plaintiff further requests that "the prior folder containing the evidence of Defendant's prior approval of Plaintiff under 12.05(C) be obtained and considered upon remand." (Pltf.'s Resp., Doc. #17.)

In response to this Court's Order of March 16, 2010 (Doc. #18), defendant Commissioner submitted a reply brief addressing the matters raised in plaintiff's response to the instant motion. With respect to plaintiff's claim regarding Listing 12.05(C), defendant contends that the ALJ properly determined plaintiff's impairments not to meet or equal the Listing, and thus that reconsideration of the ALJ's determination in this regard would be unnecessary. With respect to plaintiff's request that evidence of the Commissioner's prior approval of benefits under Listing 12.05(C) be obtained and considered upon remand, defendant contends that such evidence is irrelevant to the time period for which plaintiff seeks benefits in

the instant cause, and that the existing evidence of record is sufficient to support the ALJ's decision. Defendant reiterates his request that the matter be remanded to the Commissioner for the sole purpose of obtaining vocational expert testimony regarding plaintiff's ability to perform other work as it exists in the national economy.

To remand for the limited purpose as requested by defendant would leave unresolved questions properly raised by plaintiff in this appeal of the Commissioner's adverse decision. In his Brief in Support of the Complaint (Doc. #11), plaintiff argues that a proper assessment of his impairments under Listing 12.05(C) would result in an outright award of benefits inasmuch as the ALJ's adverse determination was based on findings contrary to the Commissioner's own previous determination that plaintiff met the criteria of the Listing. To remand only for a re-evaluation of the Commissioner's decision at Step 5 of the sequential analysis, as requested by the Commissioner, would ignore plaintiff's challenge to the Commissioner's determination at Step 3 of the analysis.[1]

---

[1]To determine whether a claimant is disabled, the Commissioner engages in a five-step evaluation process. See 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The Commissioner begins by deciding whether the claimant is engaged in substantial gainful activity. If the claimant is working, disability benefits are denied. The next step requires the Commissioner to decide whether the claimant has a "severe" impairment or combination of impairments, meaning that which significantly limits his ability to do basic work activities. If the claimant's impairment(s) is not severe, then he is not

In addition, plaintiff raises a separate claim in his Brief that the ALJ erred in his determination that plaintiff retained the residual functional capacity (RFC) to perform light work inasmuch as the ALJ failed to articulate any support for this finding and, further, because the medical evidence of record fails to support it. In his Motion to Remand, however, defendant avers that, upon remand, "[t]he ALJ will pose a hypothetical question to the vocational expert which contains all of Plaintiff's credible limitations *as found in the residual functional capacity assessment*." (Deft.'s Mot. to Remand, Doc. #16 at pp. 1-2.) (Emphasis added.) It thus appears that the existing RFC assessment would provide the basis for the hypothetical question to be posed to the vocational expert upon remand. To remand for the sole purpose of eliciting expert testimony upon the RFC assessment as it now stands would ignore the plaintiff's challenge to the assessment itself.

As noted by the Court in its previous Order (Doc. #18), piecemeal litigation is to be avoided. <u>Curtiss-Wright Corp. v.</u>

---

disabled. At Step 3 of the analysis, the Commissioner determines whether the claimant's impairment(s) meets or is equal to one of the impairments listed in 20 C.F.R., Subpart P, Appendix 1. If the claimant's impairment(s) is equivalent to one of the listed impairments, he is conclusively disabled. At Step 4, the Commissioner determines whether the claimant can perform his past relevant work. If so, the claimant is not disabled. Finally, at Step 5 of the analysis, the Commissioner evaluates various factors to determine whether the claimant is capable of performing any other work in the economy. If not, the claimant is declared disabled and becomes entitled to disability benefits.

General Elec. Co., 446 U.S. 1, 8 (1980). E.g., Murrell v. Shalala, 43 F.3d 1388, 1389 (10th Cir. 1994) (thorough resolution of social security case *once* benefits the courts by avoiding piecemeal appeals and benefits the litigants by sparing them "the protracted delays that result when a case drags on incrementally, bouncing back-and-forth between administrative (re)determinations and judicial review thereof."). To remand the instant matter to the Commissioner on the sole basis urged by defendant would leave unresolved claims of error properly raised by plaintiff in this appeal seeking judicial review of the Commissioner's final decision. In the interest of judicial economy, the undersigned determines it to be most appropriate for plaintiff's claims to be resolved at one step of the judicial review process instead of risking protracted delays by the incremental determination of individual claims.

Accordingly,

**IT IS HEREBY RECOMMENDED** that defendant Commissioner's Motion to Reverse and Remand (Doc. #16) be denied.

**IT IS FURTHER RECOMMENDED** that defendant Commissioner be provided the opportunity to respond to all of plaintiff's claims raised on this appeal for judicial review, and that he therefore be granted thirty days from the district court's dispositive ruling of the instant Motion to Reverse and Remand within which to file his Brief in Support of the Answer in this cause.

The parties are advised that they have to and including **April 14, 2010,** by which to file written objections to this Report and Recommendation. Failure to timely file objections may result in waiver of the right to appeal questions of fact. <u>Thompson v. Nix</u>, 897 F.2d 356, 357 (8th Cir. 1990).

/s/ Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this  _31st_  day of March, 2010.